## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Michael A. Ventrella and, | ) | |
| New England Roleplaying Organization, Inc., | ) | Civil Action No. 05-cv-02374-JMM |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | JURY TRIAL DEMANDED |
| | ) | |
| NERO International Holding Co., Inc., | ) | |
| | ) | ELECTRONICALLY FILED |
| Defendant. | ) | |

### ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

Defendant NERO International Holding Co., Inc. ("NERO International"), for its Answer to the First Amended Complaint filed by Plaintiffs in the above-captioned case alleges as follows:

### THE PARTIES

1.     Defendant is without sufficient knowledge to admit or deny the allegation in Paragraph 1 and therefore denies same.

2.     Defendant is without sufficient knowledge to admit or deny the allegation in Paragraph 2 and therefore denies same.

3.     Admitted.

### JURISDICTION

4.     Admitted.

### VENUE

5.     Denied.

## FACTS

6.     Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 6 and therefore denies same.

7.     Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 7 and therefore denies same.

8.     Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 8 and therefore denies same.

9.     Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 9 and therefore denies same.

10.     Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 10 and therefore denies same.

11.     Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 11 and therefore denies same.

12.     Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 12 and therefore denies same.

13.     Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 13 and therefore denies same.

14.     Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 14 and therefore denies same.

15.     Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 15 and therefore denies same.

16.     Defendant admits that Exhibit A evidences an agreement entered into between Legends Unlimited, Inc. and Ventrella, whereby Legends Unlimited, Inc. agreed to allow use of the NERO name and of NERO rules.  Defendant denies the remaining allegations of Paragraph 16.

17.     Denied.

18.     Defendant admits that Exhibit B appears to be a copy of copyright registration TX 6-107-620.  Defendant denies the remaining allegations of Paragraph 18.

19.     Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 19 and therefore denies same.

20.     Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 20 and therefore denies same.

21.     Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 21 and therefore denies same.

22.     Defendant admits that it holds the copyright on the book evidenced by Exhibit C, but denies the remaining allegations of Paragraph 22.

23.     Denied.

24.     Denied.

## FIRST CLAIM FOR RELIEF

25.     Defendant incorporates herein its responses to the allegations set forth in Paragraphs 1-24 above.

26.     Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 26 and therefore denies same.

27.     Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 27 and therefore denies same.

28.     Denied.

29.     Denied.

30.     Denied.

31.     Denied.

32.     Denied.

33.     Defendant admits that it sells books.  Defendant denies the remaining allegations of Paragraph 33.

34.     Denied.

35.     Denied.

## SECOND CLAIM FOR RELIEF

36.     Defendant incorporates herein its responses to the allegations in Paragraphs 1-35 above.

37.     Denied.

38.     Denied.

39.     Denied.

40.     Denied.

41.     Denied.

42.     Denied.

## AFFIRMATIVE DEFENSES

43.     Plaintiffs' Complaint does not state a cause of action against Defendant, upon which relief can be granted.

44.     Venue is not proper in the Middle District of Pennsylvania with respect to Defendant.

45.     Personal jurisdiction is lacking over Defendant in the Middle District of Pennsylvania.

46.     Plaintiff Ventrella's copyright registration No. TX 6-107-620 is invalid.

47.     Plaintiff Ventrella's copyright registration No. TX 6-107-620 is unenforceable, due to fraud and misrepresentation carried out before the U.S. Copyright Office. Particularly, Ventrella failed to identify necessary pre-existing works, which he was clearly aware of, in connection with his copyright application.

48.     Plaintiffs' claims for relief are barred by the doctrines of unclean hands, laches, waiver and/or estoppel.

49.     Any statements made by Defendant with respect to Plaintiffs or Plaintiffs' products or services were privileged, justified and in furtherance of Defendant's legitimate economic and legal interests.

50.     Any statements made by Defendant with respect to Plaintiffs or Plaintiffs' products or services were not likely to cause confusion.

51.     Plaintiffs' publications and any marks or names under which Plaintiffs are doing business do not have secondary meaning in respect of Plaintiffs. Defendant has superior rights in the name NERO, as compared to Plaintiffs.

52.     Defendant has not copied any original work of Plaintiffs.

53.     Plaintiffs do not own the copyrights in the works asserted to be infringed in the First Amended Complaint.  Defendant owns the copyrights in the works which Defendant is publishing.

54.     Plaintiffs do not have standing to assert copyright infringement based on the alleged copyrighted works.

55.     Plaintiffs' claims for relief are barred by the doctrine of copyright misuse.


### COUNTERCLAIM

56.     Defendant (Counterclaim Plaintiff), NERO International Holding Co., Inc. is a New York corporation, having a principal place of business in Peekskill, NY.

57.     Upon information and belief, Plaintiffs (Counterclaim Defendants) Michael Ventrella and New England Roleplaying Organization, Inc. are citizens of the Commonwealth of Pennsylvania and a Pennsylvania non-profit corporation, respectively, having a principal place of business in Stroudsburg, PA.

58.     Jurisdiction of this Court is based upon 28 U.S.C. § 1331, 1338(a), 1367, 2201 and 2202.

59.     Venue is proper in this District pursuant to 28 U.S.C. § 1391, and it is also based upon the filing by Plaintiffs of this action against Defendant in this judicial District.

### COUNT I:  DECLARATION OF NON-INFRINGEMENT OF COPYRIGHT

60.     Defendant repeats and realleges each and every averment contained in paragraphs 1-59 hereof as though set forth fully herein.

61.     This is a counterclaim under the copyright laws of the U.S. (17 U.S.C. §§ 101 et seq.) for a declaration that U.S. Copyright Registration Nos. TX 6-107-620, TX 3-738-607, TX

4-907-846 and TX 5-217-035 (the "Copyright Registrations") have not been infringed by Defendant.

62.      An actual controversy exists between Defendant and Plaintiffs as to the non-infringement of the Copyright Registrations, as evidenced by, among other things, the First Amended Complaint and Answer in this action.

63.      The publications and products sold by Defendant are not substantially similar to the work(s) purportedly protected by the Copyright Registrations.  Moreover, Defendant did not have access to the alleged copyrighted work(s) which is/are the subject of the Copyright Registrations.  Furthermore, Defendant (Counterclaim Plaintiff) owns the copyrights for the underlying works upon which the Copyright Registrations are derived.  Plaintiffs (Counterclaim Defendants) were not licensed, privileged or permitted to create and seek registrations for such derivative works.

64.      This lawsuit and the continued accusations by Plaintiffs respecting copyright infringement, unless enjoined by this Court, are being asserted for purposes of harassment and will continue to cause irreparable damage, loss and injury to Defendant for which Defendant has no adequate remedy in law and for which Defendant is entitled to declaratory and injunctive relief.

## COUNT II:  DECLARATION OF INVALIDITY AND UNENFORCEABILITY OF UNITED STATES COPYRIGHT REGISTRATION

65.      Defendant repeats and realleges each and every averment contained in paragraphs 1-64 hereof as if fully set forth herein.

66.      This is a counterclaim under the copyright laws of the U.S. (17 U.S.C. § 101 et seq.) for a declaration that U.S. Copyright Registration No. TX 6-107-620 is invalid and unenforceable ("the '620 Registration").

67.    An actual controversy exists between Defendant and Plaintiffs as to invalidity and enforceability of the '620 registration, as evidenced by, among other things, the First Amended Complaint and Answer in this action.

68.    The '620 registration is invalid for failure to meet with the requirements of 17 U.S.C. § 102, et seq., in that Plaintiff Michael Ventrella was not the original first and true author of the work or works set forth in said '620 registration.

69.    The '620 registration is unenforceable due to, at least, failure of Plaintiff Ventrella to identify pre-existing works in connection with the application resulting in the '620 registration, namely, the original NERO Rule Book up through at least the 6th edition of the NERO Rule Book.

70.    Plaintiffs are not the original, true and lawful owner of the copyrights underlying the '620 registration.

71.    The '620 registration is invalid for failure to identify the proper authors in connection with the '620 registration.

72.    Defendant NERO International Holding Co., Inc. demands a jury trial for all counts set forth in Plaintiffs' First Amended Complaint as well as for all counterclaims asserted by Defendant NERO International Holding Co., Inc.

WHEREFORE, Defendant NERO International prays for the following relief:

A.    Dismissal of the First Amended Complaint herein;

B.    Entry of Judgment that Defendant has not infringed U.S. Registration No. TX 6-107-620, or any other copyrights of Plaintiffs.

C.    Entry of a Judgment that Defendant has not:

1.    Violated the Lanham Act;

- 8 -

2.   Engaged in unfair competition.

D.   Entry of Judgment declaring that U.S. Copyright Registration No. TX 6-107-620 is invalid and unenforceable.

E.   An award of costs and attorneys fees to Defendant incurred in connection with defending this action;

F.   An award of such other relief against Plaintiffs and in favor of Defendant as this Court deems just and equitable.

Respectfully submitted,

Dated: April 3, 2006

s/ Timothy P. Polishan (76247)
John W. McIlvaine, PA ID No. 56773
THE WEBB LAW FIRM
700 Koppers Building
436 Seventh Avenue
Pittsburgh, PA 15219
Telephone:  (412) 471-8815
Facsimile:  (412) 471-4094

Timothy P. Polishan, PA ID No. 76247
HOEGEN HOEGEN KELLEY & POLISHAN
152 South Franklin Street
Wilkes-Barre, PA 18701
Telephone:  (570) 820-3332
Facsimile:  (570) 820-3262

Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS** was served via ECF this 3rd day of April 2006 upon the following:

> Michael D. Collins, Esq.
> P.O. Box 588
> Shawnee-on-Delaware, PA  18356
> michaeldcollins@earthlink.net

> s/ Timothy P. Polishan
> Attorney for Defendant